# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENNIS A. JACKSON,

    Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,

    Agency.

DOCKET NUMBER
AT-0831-17-0496-A-1

DATE: January 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher J. Keeven</u>, Esquire, and <u>James P. Garay Heelan</u>, Esquire, Washington, D.C., for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the addendum initial decision that granted, in part, the appellant's motion for an award of attorney fees in the amount of $51,830.90. Generally, we grant petitions such as these only in the following circumstances:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for the granting of the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the addendum initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

In 2014, the appellant filed a request with the Office of Personnel Management (OPM) to make a Civil Service Retirement System (CSRS) service credit deposit of refunded retirement contributions from his employment at the Federal Home Loan Bank Board (FHLBB), for the period of September 8, 1975, through July 6, 1985. *Jackson v. Office of Personnel Management*, MSPB Docket No. AT-0831-17-0496-I-1, Initial Appeal File (IAF), Tab 6 at 66.  On May 4, 2017, OPM issued a final decision denying the request, finding that the appellant's service with the FHLBB was covered under the Financial Institutions Retirement Fund (FIRF), another retirement system for Government employees, thus making him ineligible to receive benefits under the CSRS based on his service during the period in question.  5 U.S.C. § 8331(1)(L)(ii); IAF Tab 6 at 5-8.

On May 19, 2017, the appellant filed an appeal of OPM's final decision with the Board. IAF, Tab 1. On February 26, 2018, the administrative judge issued an initial decision, reversing OPM's final decision and ordering OPM to grant the appellant's request to make a CSRS service credit deposit of the refunded retirement contributions from the time that he was employed at the FHLBB. IAF, Tab 25, Initial Decision (ID). Specifically, the administrative judge found that FIRF did not become a retirement system for Government employees until 1989. ID at 3-4, 15-16. The service credit that the appellant sought was for his service with the FHLBB from September 8, 1975, through July 6, 1985, a time when he was covered by the CSRS. ID at 14. This initial decision became the Board's final decision on April 2, 2018, as neither party sought further review. ID at 17; *see* 5 C.F.R. § 1201.113.

On June 1, 2018, the appellant filed a motion for an award of attorney fees. *Jackson v. Office of Personnel Management*, MSPB Docket No. AT-0831-17-0496-A-1, Attorney Fee File (AFF), Tab 1.[2] After the parties submitted argument and evidence, the administrative judge issued an addendum initial decision on August 21, 2018, granting, in part, the appellant's motion and ordering the agency to pay $51.830.90 in attorney fees. AFF, Tabs 3-4, Tab 5, Addendum Initial Decision (AID).[3] The agency then filed a petition for review of the addendum initial decision, to which the appellant filed an opposition and a cross petition for review. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSIONS OF ARGUMENTS ON REVIEW

In order to establish entitlement to an award of attorney fees, an appellant must show that: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is

---

[2] The appellant's initial motion sought $48,887.50 in attorney fees. AFF, Tab 1 at 4. He then made a supplemental request for an additional $5,690.00 for a total of $54,577.50. AFF, Tab 4 at 4.

[3] Of this amount, $51,153.95 is for fees and $676.95 is for out-of-pocket expenses. AID at 9-11.

warranted in the interest of justice; and (4) the amount of claimed fees is reasonable. 5 U.S.C. § 7701(g)(1); *Wightman v. Department of Veterans Affairs*, 111 M.S.P.R. 109, ¶ 7 (2009). Here, the administrative judge appropriately found that the appellant established each of these requirements and awarded him attorney fees in the amount of $51,830.90. AID at 1-12.

On review, the agency only challenges the administrative judge's finding that the award of fees is warranted in the interest of justice. PFR File, Tab 1 at 4, 13-19. In finding that an award of attorney fees is warranted in the interest of justice, the Board generally looks to the *Allen* categories, which consider whether: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). In Board appeals regarding an award of attorney fees where the initial appeal challenged a decision by OPM, the Board has recognized *Allen* categories two and five as the most relevant. *See Mansfield v. Office of Personnel Management*, 73 M.S.P.R. 602, 605 (1997). As evidenced in the record and determined by the administrative judge in the addendum initial decision, OPM knew or should have known that it would not prevail on the merits in an appeal of its final decision denying the appellant's request to make a CSRS service credit deposit of refunded retirement contributions from his employment at the FHLBB, for the period of September 8, 1975, through July 6, 1985. AID at 4-7.

The Board is to evaluate the record before OPM at the time its final decision is made when determining whether OPM knew or should have known that it could not have prevailed on the merits of an appeal of its final decision. *Fleming v. Office of Personnel Management*, 62 M.S.P.R. 37, 40 (1994); *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 367 (1987). The Board has

held that OPM knew or should have known that it could not prevail on the merits when it lacked a reasonable and supportable explanation for its position, or when it ignored clear, unrebutted evidence that the appellant satisfied the criteria for a retirement benefit. *Fleming,* 62 M.S.P.R. 40.

In this case, it is clear that OPM knew or should have known that it could not have prevailed on a decision premised on FIRF being classified as a retirement system for Government employees prior to October 8, 1989. OPM acknowledged in the final decision on the appellant's request that FIRF did not become a retirement system for Government employees until October 8, 1989. IAF, Tab 6 at 7. The Memorandum of Understanding that OPM entered into in 1991, and which OPM referred to in its final decision, further outlines this, along with stating that applicable employees are eligible for coverage under CSRS for Federal service with the FHLBB that predates October 8, 1989. IAF, Tab 6 at 6 n.1, 51, 55, 61. Further, prior to the appellant filing his request with OPM in 2014, OPM treated other employees' service with the FHLBB as credible service under the CSRS. *See* IAF, Tab 24 at 34-36. The administrative judge's reversal of OPM's final decision was essentially an elaboration of the evidence which the appellant previously presented to OPM with his application to make the CSRS service credit deposit at issue. *See* IAF, Tab 6 at 9-155; ID at 2-15. OPM's final decision lacked a reasonable and supportable explanation and ignored clear, unrebutted evidence that OPM had at its disposal supporting the finding that the appellant qualified for CSRS benefits based on his employment at the FHLBB. Therefore, the administrative judge appropriately held that an attorney fee award in this case is in the interest of justice. *See Sallis v. Office of Personnel Management,* 34 M.S.P.R. 36, 39 (1987) (holding that an award of attorney fees was warranted in the interest of justice because OPM knew or should have known that its reconsideration decision would not be upheld).

OPM claims for the first time on review that because the issue examined in the appellant's Board appeal contesting its final decision appeared to be one of

first impression, it was unreasonable for the administrative judge to determine that OPM knew or should have known that it would not prevail on the merits of any appeal of its final decision. PFR File, Tab 1 at 14. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). There has been no showing of these circumstances. Notwithstanding, the Board has rejected the argument that attorney fees are not warranted in the interest of justice when the issue is a matter of first impression. *See Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶¶ 8, 14 (2004).

In his cross petition for review, the appellant does not contest the overall conclusion of the addendum initial decision, including the amount of attorney fees awarded. PFR File, Tab 3 at 4-24. The appellant does contend though that the administrative judge should have also considered other *Allen* categories in his analysis when finding that the award of fees was warranted in the interest of justice. *Id.* at 4, 19-23. Particularly, the appellant argues that OPM's final decision was "clearly without merit and wholly unfounded," and that OPM committed a "gross procedural error" in issuing its final decision. *Id.* The Board has held that if attorney fees are warranted in the interest of justice under one *Allen* category, the Board need not address whether fees are warranted in the interest of justice pursuant to one of the other *Allen* categories. *Payne v. U.S. Postal Service*, 79 M.S.P.R. 71, 72 n.* (1998). As set forth above, we agree that attorney fees are warranted in the interest of justice under *Allen* category five.

In closing, we discern no reason to disturb the initial decision, as it is supported by the evidence, the inferences are appropriate, and the conclusions are reasoned and supported.

**ORDER**

We ORDER the agency to pay the attorney of record $51,830.90 in fees and costs. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:                    _____

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.